IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LILLIAN BUNTON, | * |
| Plaintiff | * |
| v. | * Civil No. **PJM 14-2678** |
| DWIGHT L. BOLLMAN, *et al.* | * |
| Defendants | * |

**MEMORANDUM OPINION**

This is a diversity action that arises out of a collision between a tractor trailer driven by Defendant Dwight L. Bollman and an automobile driven by Plaintiff Lillian Bunton. Defendant Metzler Brothers, Inc. ("Metzler") owned the tractor trailer. Bunton alleges that Bollman's negligence caused the collision and that Metzler negligently entrusted the tractor trailer to Bollman. On June 1, 2015, Defendants moved for summary judgment (ECF No. 35). The Court **DENIES** Defendants' Motion for Summary Judgment for the following reasons.

I.

The following facts are not in dispute:

On June 21, 2011 at approximately 1:15 p.m., Bunton and Bollman were traveling northbound on Interstate 95 near the intersection of Route 212 in Prince George's County, Maryland. Bollman was operating a tractor trailer within the scope of and in furtherance of his employment with Metzler. At some point, the front of Bollman's tractor trailer came into contact with the rear of Bunton's vehicle, causing her vehicle to spin across all four lanes of travel on Interstate 95 and strike a guardrail.

On August 9, 2014, Bunton filed a complaint in this Court against Bollman and Metzler, alleging negligence and negligent entrustment.

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one where the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). A material fact is one "that might affect the outcome of the suit under governing law." *Erwin v. United States*, 591 F.3d 313, 320 (4th Cir. 2010) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When assessing a motion for summary judgment, the court views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in his or her favor. *Dulaney*, 673 F.3d at 330. A nonmoving party may not, however, defeat summary judgment by making assertions lacking sufficient factual support or by relying on a mere "scintilla of evidence." *Am. Arms Int'l v. Herbert*, 563 F.3d 78, 82 (4th Cir. 2009). A party opposing a properly supported motion for summary judgment bears the burden of establishing a genuine issue of material fact on each essential element of the case. *Anderson*, 477 U.S. at 248-49; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing summary judgment "'may not rest upon the mere allegations or denials of [his or her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003).

### III.

Defendants argue that there is no genuine dispute as to the fact that Bunton's vehicle veered in front of Bollman's tractor trailer, causing the accident. As a result, they claim that they are entitled to judgment as a matter of law. Defendants support their argument by pointing to Bunton's admission in her deposition that she never saw Bollman's tractor trailer behind her prior to the accident. Bunton Dep. 43:16-18, ECF No. 35-3. Defendants claim that, in light of Bunton's testimony, Bollman was the only witness to the accident and his testimony establishes that Bunton's vehicle left the far right hand lane and veered in front of his tractor trailer, causing the collision. Bollman Dep. 15:1-5, 16:3-6, 16:12-21, ECF No. 35-4. Accordingly, Defendants argue that there is no genuine dispute as to the fact that Bunton caused the accident.

Bunton counters that there is a genuine dispute as to the whether her vehicle veered in front of Bollman's tractor trailer, because, in her deposition, she testified that her vehicle never left the far right hand lane before the accident. Bunton Dep. 45:15-17, ECF No. 37-2. Therefore, her vehicle could not have veered into Bollman's lane of travel. In her interrogatory, Bunton also states, "Defendant Bollman, who failed to pay proper time and attention to the roadway, caused his vehicle to rear-end the vehicle operated by Plaintiff [Bunton]." Pl.'s Ans. Interrogs., Ans. No. 3, ECF No. 37-3.

Whether Bunton's vehicle left the far right hand lane before the accident is a material fact since it might, and most likely will, affect the outcome of the case. *See Brehm v. Lorenz*, 112 A.2d 475, 478 (Md. 1955) ("It is the duty of the rear driver to keep a safe distance between vehicles . . . ."). Both parties offer contradictory testimony regarding the series of events leading up to the accident. Bollman claims that Bunton's vehicle left the far right hand lane of travel and swerved in front of him, while Bunton claims that she never left the far right hand lane before the

accident. There is clearly a genuine dispute as to the series of events leading up to the accident. Accordingly, the Court denies Defendants' Motion for Summary Judgment.

## IV.

For the reasons stated above, Defendants' Motion for Summary Judgment is **DENIED**. A separate Order will **ISSUE**.

July 28, 2015

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE